Name, Address and Phone number of Attorney(s):
George M. Belfield (SBN 100272)
Greenberg Traurig, LLP
2450 Colorado Ave., Suite 400E
Santa Monica, CA 90404
Telephone: (310) 586-7700; Facsimile: (310) 586-7800
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

MAY-LOO MUSIC, INC., et al.,

Plaintiff(s)

v.

DON GREAT, et al.,

Defendant(s).

CASE NUMBER
SACV 03-943 JVS (SHx)

FILED
CLERK, U.S. DISTRICT COURT
SEP - 3 2008
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

ORDER
TO APPEAR FOR EXAMINATION RE:
☒ ENFORCEMENT OF JUDGMENT
☐ ATTACHMENT (Third Person)

☒ Judgment Debtor  ☐ Third Person

The Court, having considered the Application for Appearance and Examination Re: Enforcement of Judgment/Attachment, hereby **ORDERS** the Application ☐ GRANTED ☐ DENIED.

**TO:** Don Great and Don Great Music
     *(Name of person to Appear)*

**YOU ARE ORDERED TO APPEAR** personally before this Court, to:

☒ furnish information to aid in enforcement of a money judgment against you. AND produce documents pursuant to attached request
☐ answer concerning property of the judgment debtor in your possession or control or concerning a debt you owe the judgment debtor.
☐ answer concerning property of the defendant in your possession or control concerning a debt you owe the defendant that is subject to attachment.

| | |
|---|---|
| **Date of appearance:** September 26 2008 | **Time:** 10:00 a.m. |
| **Place of Appearance:** | ☐ Spring Street Courthouse, 312 N. Spring Street, Los Angeles, CA <br> ☐ Roybal Courthouse, 255 E. Temple, Los Angeles, CA <br> ☒ Santa Ana Courthouse, 411 W. Fourth Street, Santa Ana, CA <br> ☐ Riverside Courthouse, 3470 Twelfth Street, Riverside, CA |
| **Courtroom Number:** | 10C, or, USDC, District of Oregon, 310 West Sixth, Room 201, Medford OR 97501  Hon. Mark Clarke, USDC Judge |

This Order may be served by a Marshal, sheriff, registered process server, **or** the following, specially appointed person: George M. Belfield, Attorneys for Plaintiffs
     *(Name of appointed process server)*

Date: 9.3.08

_____
U.S District Judge/~~U.S. Magistrate Judge~~

---

ORDER ON APPLICATION FOR APPEARANCE AND EXAMINATION
(Attachment-Enforcement of Judgment)

CV4P ORDER (02/08)

Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

NOTICE TO JUDGMENT DEBTOR: If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court and the court may make an order requiring you to pay the reasonable attorney fees incurred by the judgment creditor in this proceeding.

## APPEARANCE OF A THIRD PERSON (ENFORCEMENT OF JUDGMENT)

(1) NOTICE TO PERSON SERVED: If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court and the court may make an order requiring you to pay the reasonable attorney fees incurred by the judgment creditor in this proceeding.

(2) NOTICE TO JUDGMENT DEBTOR: The person in whose favor the judgment was entered in this action claims that the person to be examined pursuant to this order has possession or control of property which is yours or owes you a debt. This property or debt is as follows: *(Clearly describe the property or debt. Print or type the description. Use an additional sheet of paper, if necessary.)*

If you claim that all or any portion of this property or debt is exempt from enforcement of the money judgment, you MUST file your exemption claim *in writing* with the court and have a copy personally served on the judgment creditor not later than three (3) days before the date set for the examination.

You MUST appear at the time and place set for the examination to establish your claim of exemption or

## APPEARANCE OF A THIRD PERSON (ATTACHMENT)

NOTICE TO PERSON SERVED: If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court and the court may make an order requiring you to pay the reasonable attorney fees incurred by the plaintiff in this proceeding.

## APPEARANCE OF A CORPORATION, PARTNERSHIP, ASSOCIATION, TRUST OR OTHER ORGANIZATION

It is your duty to designate one or more of the following to appear and be examined: officers, directors, managing agents or other persons who are familiar with your property and debts.

American LegalNet, Inc.
www.FormsWorkflow.com

## DEFINITIONS

1.  The term "Don Great" as used in this Request for Production means Don Great dba Don Great Music, Tinseltown Music, Inc., Andrea Great, and any of his, her, or their officers, directors, employees, attorneys, accountants, agents or representatives, including Mr. Great's divorce lawyer Michael S. Guy.

2.  The term "Andrea Louise Great" means Andrea Louise Great and any of her attorneys, accountants, employees, agents or representatives.

3.  The term "Document(s)" means any tangible thing upon which any expression, communication or representation has been recorded by any means, and includes, without limitation, handwriting, typewriting, e-mailing, printing, photostating, photography, magnetic impulse, or mechanical or electronic recording and any nonidentical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reason), including but not limited to e-mails, working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, records of any sort of meetings, invoices, financial statements, financial calculations, diaries, reports of telephone or other oral conversations, desk calendars, appointment books, audio or video tape recordings, microfilm, microfiche, computer data, computer tapes, computer disks, computer printouts, computer cards, Lotus and Excel spreadsheets, photographs and all other writings and recordings of every kind that are in your actual or constructive possession, custody or control. A Document is deemed to be in your possession, custody or control if it is in your physical custody, or if it is in the physical custody of any other person or entity and you (a) own such Document in whole or in part, (b) have a right by contract, statute, or otherwise to use, inspect, examine or copy such Document on any terms, (c) have an understanding, express or implied, that you may use, inspect, examine or copy such Document on any terms or (d) have, as a practical matter, been able to use, inspect, examine or copy such Document when you have sought to do so. Such Documents shall include, without

limitation, any Document that is in the actual or constructive possession, custody, or control of Don Great, Don Great Music or Tinseltown Music, Inc.

4. The term "Divorce" shall mean that certain divorce proceeding entitled In the Matter of the Marriage of DONALD CHARLES GREAT, Petitioner, and ANDREA LOUISE GREAT, Respondent, filed on or about November 3, 2003, in the Circuit Court of the State of Oregon for Jackson County, Case No. 033823 D2, including the Stipulated Judgment and Decree of Dissolution of Marriage, entered on November 5, 2003.

**DOCUMENT REQUEST NO. 1:**

All financial statements, including balance sheets and income statements, for Don Great, Don Great Music and/or Tinseltown Music, Inc. from January 1, 2000 to date.

**DOCUMENT REQUEST NO. 2:**

All licenses, contracts or other agreements entered into by Don Great, Don Great Music, Tinseltown Music, Inc., or any related person or entity, regarding any music authored, co-authored or performed, in whole or in part, by William Loose aka Bill Loose including, without limitation, music from the numerous tapes, DATs and other recordings that were on May-Loo Music/Irma Loose's premises in Burbank and provided to Don Great.

**DOCUMENT REQUEST NO. 3:**

The ledgers, and other books and records supporting the financial statements (including balance sheets and income statements, or other financial books and records) for Don Great, Don Great Music, and Tinseltown Music, Inc. from January 1, 2000 to date.

**DOCUMENT REQUEST NO. 4:**

All licenses, contracts or other agreements of any kind entered into by Don Great, Don Great Music, or Tinseltown Music, Inc. with Sam Fox Publishing, EMI, or Amphonic, or any of their related persons or entities, regarding May-Loo Music, or any music authored, co-authored or performed, in whole or in part, by William Loose aka Bill Loose.

A. **ROYALTY AND OTHER INCOME.**

**DOCUMENT REQUEST NO. 5:**

Any and all royalty statements, accounts, ledgers, summaries, or other Documents of any kind, reflecting the receipt and/or any accounting by Don Great, Don Great Music, Inc., Tinseltown Music, Inc., or any of their related persons or entities, of any and all royalties, license income, BMI, ASCAP or other performing rights society, or any other income of any kind in connection with any of the following entities from January 1, 1998 to date:

(1)     Tinseltown Music, Inc.

(2)     Del Mar Music

(3)     Tabby Tunes Music

(4)     Rita Ann Music

(5)     Punk Weedle Music

(6)     Malivue Music

(7)     May-Loo Music, Inc.

(8)     Don Great or Don Great Music, Inc.

(9)     Timberwood Music

(10)    White Aspen Music

(11)    Beechwood Music

(12)    Whoopee Music

(13)    Conmuse Music

(14)    KPM Music

(15)    Themecraft Music

(16)    Capital Hi-Q

(17)    Tailored Tracks

(18)    Kaleidoscope

(19)    Any other entity, music catalog, music library, or musical compositions authored, co-authored or performed, in whole or in part, by William Loose aka Bill Loose.

**DOCUMENT REQUEST NO. 6:**

Any and all royalty statements, accounts, ledgers, summaries, or other Documents of any kind, reflecting the receipt and/or any accounting by Don Great, Don Great Music, Inc., Tinseltown Music, Inc., or any of their related persons or entities, of any and all royalties, license or other income of any kind in connection with Amphonic Music Ltd.'s April 1998 "Letter of Termination" regarding Whoopie Music and the musical compositions attached thereto as Exhibit C (DG 17819-17822).

**DOCUMENT REQUEST NO. 7:**

Any and all royalty statements, accounts, ledgers, summaries, or other Documents of any kind, reflecting the receipt and/or any accounting by Don Great, Don Great Music, Inc., Tinseltown Music, Inc., or any of their related persons or entities, of any and all royalties, license or other income of any kind in connection with the Copyright Assignment and Co-Publisher Agreement, dated April 15, 1998, between Sam Fox Publishing Company and Don Great regarding the "Donna Reed Show Theme," also known as "Happy Days" (DG 18535-18538).

**DOCUMENT REQUEST NO. 8:**

Any and all royalty statements, accounts, ledgers, summaries, or other Documents of any kind, reflecting the receipt and/or any accounting by Don Great, Don Great Music, Inc., Tinseltown Music, Inc., or any of their related persons or entities, of any and all royalties, license or other income of any kind in connection with the Copyright Assignment and Quitclaim, dated April 15, 1998, between Sam Fox Publishing and Don Great (DG 18539).

**DOCUMENT REQUEST NO. 9:**

Any and all royalty statements, accounts, ledgers, summaries, or other Documents of any kind, reflecting the receipt and/or any accounting by Don Great, Don Great Music, Inc., Tinseltown Music, Inc., or any of their related persons or entities, of any and all royalties, license or other income of any kind in connection with the Copyright Assignment and Co-Publisher Agreement, dated November 15, 1998, between Sam Fox Publishing Company and Don Great regarding the "Dennis The Menace" compositions (DG 18545-18548).

**DOCUMENT REQUEST NO. 10:**

Any and all royalty statements, accounts, ledgers, summaries, or other Documents of any kind, reflecting the receipt and/or any accounting by Don Great, Don Great Music, Inc., Tinseltown Music, Inc., or any of their related persons or entities, of any and all royalties, license or other income of any kind in connection with the Copyright Assignment and Quitclaim, dated November 15, 1998, regarding "Dennis The Menace" between Sam Fox Publishing and Don Great (DG 18549).

**DOCUMENT REQUEST NO. 11:**

Any and all royalty statements, accounts, ledgers, summaries, or other Documents of any kind, reflecting the receipt and/or any accounting by Don Great, Don Great Music, Inc., Tinseltown Music, Inc., or any of their related persons or entities, of any and all royalties, license or other income of any kind in connection with the "Confirmation of Ownership" for Amphonic Music Ltd. (DG 17823-17825).

**DOCUMENT REQUEST NO. 12:**

Any and all royalty statements, accounts, ledgers, summaries, or other Documents of any kind, reflecting the receipt and/or any accounting by Don Great, Don Great Music, Inc., Tinseltown Music, Inc., or any of their related persons or entities, of any and all royalties, license or other income of any kind in connection with the list of compositions entitled "Sam Fox Publishing Company, Inc." (13 pages but no Bates numbers).

**DOCUMENT REQUEST NO. 13:**

Any and all royalty statements, accounts, ledgers, summaries, or other Documents of any kind, reflecting the receipt and/or any accounting by Don Great, Don Great Music, Inc., Tinseltown Music, Inc., or any of their related persons or entities, of any and all royalties, license or other income of any kind in connection with the Subpublishing Agreement dated 1st April 1998 between May-Loo Music, Inc., Don Great Music and Amphonic, Inc. (DG 17814-17818).

**DOCUMENT REQUEST NO. 14:**

Any and all royalty statements, accounts, ledgers, summaries, or other Documents of any kind, reflecting the receipt and/or any accounting by Don Great, Don Great Music, Inc., Tinseltown

Music, Inc., or any of their related persons or entities, of any and all royalties, license or other income of any kind in connection with the "Letter of Termination" dated 1st April 1998, between May-Loo Music, Inc. and Amphonic and the attached Schedule B (DG 18695-18699).

**DOCUMENT REQUEST NO. 15:**

Any and all royalty statements, accounts, ledgers, summaries, or other Documents of any kind, reflecting the receipt and/or any accounting by Don Great, Don Great Music, Inc., Tinseltown Music, Inc., or any of their related persons or entities, of any and all royalties, license or other income of any kind in connection with any of the agreements, or musical compositions subject to the agreements, set forth in that undated letter (DG 17991) from Irma Loose to Sam Fox Publishing Company, Inc.

**DOCUMENT REQUEST NO. 16:**

Any and all royalty statements, accounts ledgers, summaries, or other Documents of any kind, reflecting the receipt and/or any accounting by Don Great, Don Great Music, Inc., Tinseltown Music, Inc., or any of their related persons or entities, of any and all royalties, license or other income of any kind from Sam Fox Publishing from January 1, 1998 to date.

**DOCUMENT REQUEST NO. 17:**

Any and all royalty statements, accounts, ledgers, summaries, or other Documents of any kind, reflecting the receipt and/or any accounting by Don Great, Don Great Music, Inc., Tinseltown Music, Inc., or any of their related persons or entities, of any and all royalties, license or other income of any kind from EMI for January 1, 1998 to date.

**DOCUMENT REQUEST NO. 18:**

Any and all royalty statements, accounts, ledgers, summaries, or other Documents of any kind, reflecting the receipt and/or any accounting by Don Great, Don Great Music, Inc., Tinseltown Music, Inc., or any of their related persons or entities, of the settlements with Amphonic and EMI referenced in the Minutes of Special Meeting of Board of Directors of May-Loo Music, Inc., dated December 7, 1998 (Trial Exhibit 515), and the payment to May-Loo Music or Irma Loose of any part of said settlements.

**DOCUMENT REQUEST NO. 19:**

Any and all royalty statements, accounts, ledgers, summaries, or other Documents of any kind, reflecting the receipt and/or any accounting by Don Great, Don Great Music, Inc., Tinseltown Music, Inc., or any of their related persons or entities, of any and all royalties, license or other income of any kind to, from, on behalf of, or related to, Amphonic Music, Inc. from January 1, 1998 to date.

**DOCUMENT REQUEST NO. 20:**

All Documents, including contracts, agreements, correspondence, e-mail or other writings or Documents of any kind regarding May-Loo Music or William Loose's one-half or other ownership interest in the partnership White Aspen Music and the catalog and library of musical compositions known as White Aspen.

**DOCUMENT REQUEST NO. 21:**

All Documents, including contracts, agreements, correspondence, e-mail or other writings or Documents of any kind regarding May-Loo Music or William Loose's ownership or other interests in Timberwood Music and the catalog and library of musical compositions known as Timberwood Music.

**DOCUMENT REQUEST NO. 22:**

Any and all royalty statements, accounts, ledgers, summaries, or other Documents of any kind, reflecting the receipt and/or any accounting by Don Great, Don Great Music, Inc., Tinseltown Music, Inc., or any of their related persons or entities, of any and all royalties, license or other income of any kind to, from, on behalf of, or related to, White Aspen Music from January 1, 1998 to date.

**DOCUMENT REQUEST NO. 23:**

Any and all royalty statements, accounts, ledgers, summaries, or other Documents of any kind, reflecting the receipt and/or any accounting by Don Great, Don Great Music, Inc., Tinseltown Music, Inc., or any of their related persons or entities, of any and all royalties, license or other

income of any kind to, from, on behalf of, or related to, Timberwood Production Music from January 1, 1998 to date.

**DOCUMENT REQUEST NO. 24:**

Any and all royalty statements, accounts, ledgers, summaries, or other Documents of any kind, reflecting the receipt and/or any accounting by Don Great, Don Great Music, Inc., Tinseltown Music, Inc., or any of their related persons or entities, of any and all royalties, license or other income of any kind to, from, on behalf of, or related to, Sharon Girvin or Dick Girvin Productions from January 1, 1998 to date.

**DOCUMENT REQUEST NO. 25:**

Any and all royalty statements, accounts, ledgers, summaries, or other Documents of any kind, reflecting the receipt and/or any accounting by Don Great, Don Great Music, Inc., Tinseltown Music, Inc., or any of their related persons or entities, of any and all royalties, license or other income of any kind to, from, on behalf of, or related to, Emil Cadkin or the Emil and Lila Cadkin Family Trust from January 1, 1998 to date.

**DOCUMENT REQUEST NO. 26:**

Any and all royalty statements, accounts, ledgers, summaries, or other Documents of any kind, reflecting the receipt and/or any accounting by Don Great, Don Great Music, Inc., Tinseltown Music, Inc., or any of their related persons or entities, of any and all royalties, license or other income of any kind to, from, on behalf of, or related to, William A. Castleman or his estate, or Rita Ann Music Company, from January 1, 1998 to date.

**DOCUMENT REQUEST NO. 27:**

Any and all royalty statements, accounts, ledgers, summaries, or other Documents of any kind, reflecting the receipt and/or any accounting by Don Great, Don Great Music, Inc., Tinseltown Music, Inc., or any of their related persons or entities, of any and all royalties, license or other income of any kind to, from, on behalf of, or related to, Jeffry Castleman or his estate from January 1, 1998 to date.

**DOCUMENT REQUEST NO. 28:**

Any and all royalty statements, accounts, ledgers, summaries, or other Documents of any kind, reflecting the receipt and/or any accounting by Don Great, Don Great Music, Inc., Tinseltown Music, Inc., or any of their related persons or entities, of any and all royalties, license or other income of any kind to, from, on behalf of, or related to, Paul Ruhland or Cue Rite Music from January 1, 1998 to date.

### DOCUMENT REQUEST NO. 29:

Any and all royalty statements, accounts, ledgers, summaries, or other Documents of any kind, reflecting the receipt and/or any accounting by Don Great, Don Great Music, Inc., Tinseltown Music, Inc., or any of their related persons or entities, of any and all royalties, license or other income of any kind to, from, on behalf of, or related to, Jack Tiller from January 1, 1998 to date.

### B.     TINSELTOWN MUSIC, INC.

### DOCUMENT REQUEST NO. 30:

All Documents reflecting the transfer of any and all copyrights, or rights to receive royalties or other income or consideration, from Don Great or Don Great Music to Tinseltown Music, Inc.

### DOCUMENT REQUEST NO. 31:

All stock certificates or Documents of any kind reflecting the ownership of Tinseltown Music, Inc. from its inception to date, and any and all transfers of any ownership interests.

### DOCUMENT REQUEST NO. 32:

All Documents reflecting the payment of any salary, dividends, income or consideration of any kind by Tinseltown Music, Inc. to, or on behalf of or for the benefit of, Don Great or Don Great Music from 1998 to date.

### DOCUMENT REQUEST NO. 33:

All royalty statements, ledgers, summaries, or other Documents of any kind reflecting the receipt and/or any accounting by Don Great, Don Great Music or Tinseltown Music, Inc. of any and all royalties, money or other consideration of any kind to, from, on behalf of, or related to, BMI, ASCAP, Sam Fox Publishing, EMI, Amphonic, or any other related person or entity regarding

any musical compositions or works authored, co-authored, or performed, in whole or in part, by William Loose aka Bill Loose.

**DOCUMENT REQUEST NO. 34:**

All royalty statements, ledgers, summaries, or other Documents of any kind reflecting the receipt and/or any accounting by Don Great, Don Great Music or Tinseltown Music, Inc. of any and all royalties, money or other consideration of any kind to, from, on behalf of, or related to, or involving the "Third Party Works" as defined by counter-claimants in the July 3, 2008 Final Pre-Trial Conference Order entered in this action.

C.   **ITEMS TO BE RETURNED TO MAY-LOO MUSIC AND IRMA LOOSE.**

**DOCUMENT REQUEST NO. 35:**

The original and all copies of any and all recordings made by Don Great, Don Great Music, Tinseltown Music, Inc., or any related person or entity, of any music authored, co-authored or performed, in whole or in part, by William Loose aka Bill Loose including, without limitation, from the numerous tapes, DATs and other recordings that were on May-Loo Music/Irma Loose's premises in Burbank and provided to Don Great.

**DOCUMENT REQUEST NO. 36:**

The original and all copies of cue sheets, musical scores or any related Documents for any music authored, co-authored or performed, in whole or in part, by William Loose aka Bill Loose including, without limitation, all of said cue sheets, musical scores and Documents of any kind that were on May-Loo Music/Irma Loose's premises in Burbank and provided to Don Great.

**DOCUMENT REQUEST NO. 37:**

Any and all tapes, DATs or recordings of any kind or nature or any other tangible thing or item regarding any music authored, co-authored or performed, in whole or in part, by William Loose aka Bill Loose including, without limitation, from the numerous tapes, DATs and other recordings that were on May-Loo Music/Irma Loose's premises in Burbank and provided to Don Great.

**DOCUMENT REQUEST NO. 38:**

The original and all copies of the audio tape recording of John Seeley discussing the nature and extent of his authorship of any musical compositions, including the Themecraft library of compositions, with William Loose as referenced in the "Minutes of Special Meeting of Board of Directors of May-Loo Music, Inc.," dated December 12, 1998 (Trial Exhibit 515).

D.   MAY-LOO, DON GREAT, DON GREAT MUSIC AND TINSELTOWN COPYRIGHT REGISTRATIONS, AND BMI AND ASCAP OR OTHER PERFORMING SOCIETY REGISTRATIONS.

**DOCUMENT REQUEST NO. 39:**

All Documents, including lists, summaries, accounts, ledgers, etc., which reflect, refer or relate to all copyrights owned, entirely or partially, by Don Great, Don Great Music or Tinseltown Music, Inc. from January 1, 2000 to date.

**DOCUMENT REQUEST NO. 40:**

All Documents, including lists, summaries, accounts, ledgers, etc., which reflect, refer or relate to the registration with the United States Copyright Office of May-Loo Music, Inc.'s or Bill Loose's musical compositions.

**DOCUMENT REQUEST NO. 41:**

All Documents, including lists, summaries, accounts, ledgers, etc., which reflect, refer or relate to the registration with BMI, ASCAP, or any other performing or royalty collection societies or organizations, of May-Loo Music, Inc.'s or Bill Loose's musical compositions.

**DOCUMENT REQUEST NO. 42:**

All Documents which reflect, refer or relate to the purchase or ownership of all recording or music equipment, or other equipment, owned by Don Great, Don Great Music or Tinseltown Music, Inc. from January 1, 2000 to date, including purchase orders, invoices, bills of sale or other indications of ownership or transfers of ownership.

**DOCUMENT REQUEST NO. 43:**

All Documents which reflect, refer or relate to (a) ownership, (b) transfers of ownership, (c) the purchase price, (d) loans, notes, mortgages and deeds of trust, and (e) any appraisals or valuations, of the real property commonly known as 208 Mariposa Terrace, Medford, Oregon.

**DOCUMENT REQUEST NO. 44:**

All BMI royalty statements for Don Great, Don Great Music or Tinseltown Music, Inc. from January 1, 2000 to date.

**DOCUMENT REQUEST NO. 45:**

All ASCAP royalty statements for Don Great, Don Great Music or Tinseltown Music, Inc. from January 1, 2000 to date.

**DOCUMENT REQUEST NO. 46:**

All royalty statements, accounts, ledgers, summaries or other Documents of any kind which reflect, refer or relate to foreign royalties from any source earned by Don Great, Don Great Music or Tinseltown Music, Inc. from January 1, 2000 to date.

**DOCUMENT REQUEST NO. 47:**

All royalty statements, accounts, ledgers, summaries or other Documents of any kind which reflect, refer or relate to any other royalty, license or other music-related income received or earned by Don Great, Don Great Music or Tinseltown Music, Inc. from January 1, 2000 to date.

**DOCUMENT REQUEST NO. 48:**

All royalty statements, accounts, ledgers, summaries or other Documents of any kind which reflect, refer or relate to any income received by Don Great, Don Great Music or Tinseltown Music, Inc. from January 1, 2000 to date.

**DOCUMENT REQUEST NO. 49:**

The dissolution papers regarding Don Great Music, Inc.

E.   **THE DON GREAT/ANDREA GREAT DIVORCE.**

**DOCUMENT REQUEST NO. 50:**

All Documents which reflect, refer or relate to Don Great or Don Great Music putting any assets in the name of Andrea Louise Great, Tinseltown Music, Inc. or any other corporation or other

entity including, without limitation, Documents showing any and all consideration for such transfers or sales from 2000 to date.

**DOCUMENT REQUEST NO. 51:**

All Documents that reflect, refer or relate to any salary, commissions, bonuses or other consideration of any kind paid to Andrea Louise Great from January 1, 2000 to date by Don Great, including Tinseltown Music, Inc., Del Mar Music, Tabby Tunes Music, Rita Ann Music, Punk Weedle Music, Malivue Music, May-Loo Music, Inc. and Don Great Music, or any related corporation, partnership or other entity.

**DOCUMENT REQUEST NO. 52:**

All Documents which reflect, refer or relate to the assets, including the cost or value of said assets, transferred by Don Great to Andrea Louise Great in connection with their Divorce.

**DOCUMENT REQUEST NO. 53:**

All Documents reflecting the "mandatory disclosure of assets and liabilities and the production of documents" by Don Great to Andrea Louise Great referenced in paragraphs 13 and 14 of the Stipulated Judgment and Decree of Dissolution of Marriage entered in the Divorce.

**DOCUMENT REQUEST NO. 54:**

All Documents reflecting the "mandatory disclosure of assets and liabilities and the production of documents" by Andrea Louise Great to Don Great referenced in paragraphs 13 and 14 of the Stipulated Judgment and Decree of Dissolution of Marriage entered in the Divorce.

**DOCUMENT REQUEST NO. 55:**

All Documents which reflect, refer or relate to the "jointly owned bank accounts, annuities, pensions, and certificates of deposits," including the amount and value of each such item, that were awarded to Andrea Louise Great as part of the Divorce, and any disposition of such items by Ms. Great thereafter.

**DOCUMENT REQUEST NO. 56:**

All Documents which reflect, refer or relate to the contents of the safety deposit box, including the value of all items in the safety deposit box, that was awarded to Andrea Louise Great as part of the Divorce, and any disposition of such items by Ms. Great thereafter.

**DOCUMENT REQUEST NO. 57:**

A list of, or all Documents which reflect, refer or relate to, the "copyrights, arrangements, and sound recordings of compositions owned by Don Great, Tabby Tunes Music, Punk Weedle Music, and Del Mar Music" which were awarded to Andrea Louise Great in the Stipulated Judgment and Decree of Dissolution of Marriage entered in the Divorce.

**DOCUMENT REQUEST NO. 58:**

Any and all royalty statements, accounts, ledgers, summaries, or other Documents of any kind, reflecting the receipt and/or any accounting by Don Great, Don Great Music, Inc., Tinseltown Music, Inc., or any of their related persons or entities, of any and all royalties, license income, BMI, ASCAP or other performing rights society, or any other income of any kind in connection with any of the following entities from January 1, 1998 to date:

(1) Tinseltown Music, Inc.
(2) Del Mar Music
(3) Tabby Tunes Music
(4) Rita Ann Music
(5) Punk Weedle Music
(6) Malivue Music
(7) May-Loo Music, Inc.
(8) Don Great or Don Great Music, Inc.
(9) Timberwood Music
(10) White Aspen Music
(11) Beechwood Music
(12) Whoopee Music
(13) Conmuse Music

(14)  KPM Music

(15)  Themecraft Music

(16)  Capital Hi-Q

(17)  Tailored Tracks

(18)  Kaleidoscope

(19)  Any other entity, music catalog, music library, or musical compositions authored, co-authored or performed, in whole or in part, by William Loose aka Bill Loose.

**DOCUMENT REQUEST NO. 59:**

All Documents that reflect, refer or relate to the "marital debts and obligations, if any," for which Don Great undertook responsibility under the Stipulated Judgment and Decree of Dissolution of Marriage, paragraph 4, p. 5, entered in the Divorce.

**DOCUMENT REQUEST NO. 60:**

All Documents, cash, real estate, investments, stock, securities or other assets of any kind that reflect the ownership of any assets, including, without limitation, owned by Don Grant, Andrea Great or both with a value over $1,000 from January 1, 2000 to date, and any transfers of said assets.

**DOCUMENT REQUEST NO. 61:**

The note, deed of trust, mortgage, or other loan documents, including Documents showing the current loan balance for 208 Mariposa Terrace, Medford Oregon 97504-0932 or any other real estate owned in whole or in part by Don Great.