ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
David C. Veis, Bar No. 83135
dcveis@rkmc.com
2049 Century Park East, Suite 3400
Los Angeles, CA  90067-3208
Telephone:  310-552-0130
Facsimile:   310-229-5800

Attorneys for Defendant
DON GREAT AND DON GREAT MUSIC AND
TINSELTOWN MUSIC, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAY-LOO MUSIC, INC., a California corporation, and IRMA LOOSE,<br><br>Plaintiffs,<br><br>v.<br><br>DON GREAT, an individual; DON GREAT MUSIC, a business entity, and DOES 1 through 25, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTER-CLAIMS | Case No.  SACV 03-943-JVS (SHx)<br><br>**DECLARATORY RELIEF JUDGMENT**<br><br>Trial Dates: 9/2-3/08<br>Judge:     Hon. James V. Selna |

On September 2 and 3, 2008, the Court conducted a bench trial on the parties' respective claims for declaratory relief and on September 3, 2008, stated its Finding of Fact and Conclusions of Law on the record which are incorporated herein by reference.  On October 8, 2008, the Court issued an Amendment and Additions to Findings of Fact and Conclusions of Law which are also incorporated by reference.

///

///

**IT IS HEREBY ADJUDGED, ORDERED AND DECREED AS FOLLOWS:**

**A.     The Co-publisher Agreement between May-Loo Music, Inc. and Don Great and Don Great Music (Ex. 701).**

The non-exclusive master recording and representation and Co-publisher Agreement between May-Loo Music, Inc. and Don Great dba Don Great Music and all amendments thereto (collectively the "Co-publisher Agreement" – Ex. 701) is null and void and, as a result, the copyrights transferred to Don Great dba Don Great Music under the Co-publisher Agreement shall be returned to May-Loo Music, Inc.  May-Loo Music, Inc. shall be responsible for preparing the necessary documents to accomplish the copyright transfer back to May-Loo Music, Inc.  Don Great dba Don Great Music shall execute the proper documentation submitted to him within seven business days of presentment.  May-Loo Music, Inc. shall reimburse Don Great dba Don Great Music for whatever filing costs he previously incurred and paid to copyright the music.  If, upon tender of appropriate documentation and payment of reimbursement for monies previously expended, Don Great dba Don Great Music refuses to execute the documents transferring the copyrights back to May-Loo Music, Inc., May-Loo Music, Inc., may apply to the court to execute those documents in the name of Don Great dba Don Great Music.

Further, as a result of the fact that the Co-publisher Agreement is null and void, the BMI registrations filed by Don Great dba Don Great Music as a result of the music transferred under the Co-publisher Agreement shall be retransferred to May-Loo Music, Inc.  May-Loo Music, Inc. shall be responsible for preparing the necessary documentation to return or transfer the BMI registrations to May-Loo Music, Inc.  Don Great dba Don Great Music shall execute the proper documentation within seven days of presentment.  May-Loo Music, Inc. shall reimburse Don Great dba Don Great Music for whatever filing costs he previously paid to accomplish the BMI registrations.  If upon tender of appropriate

documentation and payment of reimbursement for the previously incurred BMI registrations, Don Great dba Don Great Music refuses to execute the paperwork transferring the BMI registrations, May-Loo Music, Inc. may apply to the court for an order executing those documents in the name of Don Great dba Don Great Music.

Don Great dba Don Great Music shall return to May-Loo Music, Inc. all of the materials provided by May-Loo Music, Inc., all of the refurbished materials including the CD's, and any other work product he generated during the course of the Co-publisher Agreement.

Notwithstanding the fact that the Co-publisher Agreement has been determined to be null and void, Don Great dba Don Great Music is entitled to restitution to return the parties to status quo. May-Loo Music, Inc. is obligated to pay and Don Great dba Don Great Music is entitled to recoup a total of $300,000.00 to accomplish the goal of restitution. May-Loo Music, Inc.'s obligation to pay and Don Great dba Don Great Music's right to recoup is contingent upon licensing of the music. May-Loo Music, Inc. is obligated to pay to Don Great dba Don Great Music 20% of the royalties obtained by May-Loo Music, Inc. until the $300,000.00 is recouped.

**B.     The "Sub-publishing Agreement" between May-Loo Music, Inc., Don Great dba Don Great Music and Amphonic Music, Ltd. (Ex. 712).**

The Sub-publishing Agreement dated April 1, 1998, between May-Loo Music, Inc., Don Great Music and Amphonic Music, Ltd. (Ex. 712) (the "Amphonic Agreement") does not share the taint of being void as Exhibit 701. Under the Amphonic Agreement, Don Great dba Don Great Music recaptured music being used by Amphonic. The recaptured music was registered with BMI and the United States Copyright Office in the names Don Great Music and May-Loo Music, Inc. on a 50% co-ownership basis. Since the Amphonic Agreement is not tainted by the void Co-publisher Agreement, the parties are bound by the rights

reflected in the agreement. May-Loo Music, Inc. is entitled to the copyright interest in the recaptured music and one-half interest in the BMI royalty rights. The copyrights transferred to Don Great dba Don Great Music under the Amphonic agreements shall be returned to May-Loo Music, Inc. May-Loo Music, Inc. shall be responsible for preparing the necessary documents to accomplish the copyright transfer back to May-Loo Music, Inc. Don Great, individually and dba Don Great Music shall execute the proper documentation submitted to him within seven (7) business days of presentment. May-Loo Music, Inc. shall reimburse Don Great dba Don Great Music for whatever filing costs he previously incurred and paid to copyright the music to be returned to May-Loo Music, Inc. If, upon proper tender of appropriate documentation and payment of reimbursement for monies previously expended, Don Great dba Don Great Music refuses to execute the documents transferring the copyrights back to MLM, MLM may apply to the court to execute those documents in the name of Don Great dba Don Great Music. The recaptured music is identified in Exhibit "A."

**C.     The "KPM/EMI Agreement" Between Don Great Music and KPM Music, Ltd. (Ex. 713).**

The July 1, 1998, agreement between Don Great dba Don Great Music and KPM Music, Ltd., a subsidiary of EMI Music Group (Ex. 713) (the "EMI Agreement") is valid and enforceable and binds May-Loo Music, Inc., notwithstanding the fact that May-Loo Music, Inc., did not sign the Agreement. Under the EMI Agreement, certain music was recaptured and copyrighted with the Copyright Office and registered with BMI in the name of Don Great Music and May-Loo Music, Inc. on a 50%/50% basis. The copyright and BMI registrations shall remain as they were filed and registered. The music included is identified in the schedule to the EMI Agreement, Exhibit "B." The respective 50% interest of May-Loo Music, Inc. and Don Great Music, or their respective assignees, shall survive the expiration of the EMI Agreement.

### D. The Sam Fox Publishing Agreement (Ex. 722)

The Sam Fox Publishing Agreements (Ex. 722) are valid and enforceable and bind May-Loo Music, Inc. as May-Loo Music, Inc. signed Exhibit 723 acknowledging approval of the agreements.  Under the Sam Fox Agreements, Sam Fox retained 50% of the copyright ownership rights and Don Great Music received the other 50% of the copyright ownership rights.  Copyright filings reflect the Sam Fox and Don Great Music copyright ownerships.  Don Great Music registered with BMI all rights received from the Sam Fox Agreement giving May-Loo Music, Inc. one-half of any royalty received by Don Great Music.  May-Loo Music, Inc. shall be entitled to one-half of any royalty received by Don Great Music or its assignee Tinseltown Music, Inc. on any and all Sam Fox Music identified in Exhibit 722 on a going forward basis.  The compositions included in the Sam Fox Agreement are included in Exhibit "C."

### E. The Six Co-Author Agreements (Exs. 715-720)

Tinseltown Music, Inc. and the six composers or their successors, i.e. William Castleman aka Billy Allen, Emil Cadkin, Jeffrey Castleman, Sharon Girvin, Paul Ruhland, and Jack Tiller (the "Six Co-Authors") have entered into publishing, copyright assignment and other agreements with Tinseltown Music, Inc. (Exs. 715-720).  Without addressing the rights of the Six Co-Authors to music which may be disputed as that issue was not before the Court, the transfer of the rights from the Six Co-Authors to Tinseltown Music, Inc. **as between May-Loo Music and Tinseltown Music, Inc.,** is valid and fully enforceable.  The Six Co-Authors were not parties to this action and the Court therefore makes no adjudication with respect to any issues between May-Loo Music, Inc., and third parties including Carbert Music, Inc. and the Six Co-Authors or their successors or related parties or Tinseltown Music, Inc. relating to the parties respective rights, claims, interests or disputes relating to the music transferred to Tinseltown Music, Inc.

To the extent Tinseltown Music, Inc. exploits the publishing rights of the Six Co-Authors[1]; Tinseltown Music, Inc. shall pay May-Loo Music, Inc. or its designee one-half of the royalties received by Tinseltown Music, Inc. on music registered in the name of May-Loo Music, Inc. and Tinseltown Music, Inc.

Nothing herein shall affect or impact May-Loo Music, Inc.'s or the Six Co-Authors' respective rights, obligations or duties to account to and pay the other or its designee any income or royalties separately owed to the other on activities occurring prior to the Six Co-Author agreements with Tinseltown Music, Inc.

The music acquired by Tinseltown Music, Inc. from the Six Co-Authors is identified as follows:

| | |
|---|---|
| Tiller | Exhibit "D" |
| W. Castleman | Exhibit "E" |
| Girvin | Exhibit "F" |
| Ruhland | Exhibit "G" |
| J. Castleman | Exhibit "H" |
| Cadkin | Exhibit "I"[2] |

All royalties, rights, recoupment or other income to be paid under this judgment shall be accounted for in writing with supporting underlying documentation to be paid semi-annually on January 1 and July 31 of each calendar year. Reimbursement of funds previously expended by Don Great dba Don Great Music to file or register with the Copyright Office or BMI shall be paid in exchange for his signature on the transfer documents.

IT IS SO ORDERED, JUDGED AND DECREED.

Date:    April 27, 2009             By: _____
                                         Honorable James V. Selna
                                         Judge United States District Court

---

[1] Tinseltown Music, In. shall not exploit any music in violation of Judge Lynch's order.
[2] Tinseltown Music, Inc. shall not exploit any music in violation of Judge Lynch's order.

APPROVED AS TO FORM:

_____
Robins, Kaplan, Miller & Ciresi L.L.P.
By: David C. Veis
Attorneys for Don Great, Don Great Music and Tinseltown Music, Inc.

APPROVED AS TO FORM:

_____
Greenberg Traurig L.L.P.
By: George Belfield
Attorneys for May-Loo Music, Inc.